DAVID L. HENKIN          #6876
ELENA L. BRYANT         #9548
EARTHJUSTICE
850 Richards Street, Suite 400
Honolulu, Hawai'i 96813
Telephone No.: (808) 599-2436
Email:  dhenkin@earthjustice.org
          ebryant@earthjustice.org

Attorneys for Plaintiff[*]

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAI'I

| | |
|---|---|
| HUI MĀLAMA HONOKŌHAU, an unincorporated association,<br><br>     Plaintiff,<br><br>  v.<br><br>COUNTY OF HAWAI'I,<br><br>     Defendant. | ) Civil No. 1-23-cv-00393 JMS-KJM<br>)<br>) JOINT STIPULATION RE:<br>) DEFENDANT'S CLAIM OF FORCE<br>) MAJEURE; ORDER<br>)<br>)<br>)<br>) Judge: Hon. J. Michael Seabright<br>)<br>)<br>) |

_____

[*] Pursuant to Local Rule 10.2(b), please refer to the signature page for the complete list of parties represented.

JOINT STIPULATION RE: DEFENDANTS' CLAIM OF FORCE MAJEURE

WHEREAS, Plaintiff HUI MĀLAMA HONOKŌHAU and Defendant COUNTY OF HAWAIʻI (collectively, "the Parties") reached a settlement of the Remedy Phase of this lawsuit ("Remedy Phase Settlement") (ECF No. 65), which the Court approved and ordered on May 30, 2025 (ECF No. 67);

WHEREAS, pursuant to Paragraph 2 of the Remedy Phase Settlement, Defendant County of Hawaiʻi ("Defendant") is required to upgrade the Kealakehe WWTP so that its treated wastewater satisfies the water quality standards applicable to R-1 Recycled Water as set forth in "Reuse Guidelines, Volume 1: Recycled Water Facilities," prepared by the Wastewater Branch, Hawaiʻi Department of Health dated January 2016 ("R-1 Project");

WHEREAS, pursuant to Paragraph 3(b) of the Remedy Phase Settlement, Defendant is required to begin construction of the R-1 Project no later than March 1, 2026;

WHEREAS, pursuant to Paragraph 16 of the Remedy Phase Settlement, Defendant is liable for Stipulated Penalties for each day that it fails to timely comply with, among other things, the deadline set forth in Paragraph 3(b), unless excused due to a Force Majeure event, as defined in Paragraphs 20 and 21 of the Remedy Phase Settlement;

WHEREAS, on February 4, 2026, Defendant awarded the contract to construct the R-1 Project;

WHEREAS, on February 24, 2026, Defendant received a formal protest from Hensel Phelps Construction Co. of the award of the R-1 Project contract to another bidder ("Hensel Phelps Protest");

WHEREAS, on February 27, 2026, Defendant provided informal notice to Plaintiff Hui Mālama Honokōhau (the "Hui") pursuant to Paragraph 23 of the Remedy Phase Settlement, claiming that the Hensel Phelps Protest constituted a Force Majeure event that prevented Defendant from giving notice to proceed with construction of the R-1 Project by the March 1, 2026 deadline;

WHEREAS, by letter dated March 9, 2026, Defendant sent formal written notice to the Hui of the claimed Force Majeure event;

WHEREAS, the Hui disputes that the Hensel Phelps Protest constitutes a Force Majeure event that prevents Defendant from complying with the March 1, 2026 deadline and, accordingly, initiated informal dispute resolution under Paragraph 29 of the Remedy Phase Settlement;

WHEREAS, the Parties have reached an agreement resolving Defendant's claim of Force Majeure; and

WHEREAS, it is in the interest of the public, the Parties, and judicial economy to resolve this issue without further litigation;

2

NOW, THEREFORE, IT IS STIPULATED BETWEEN THE PARTIES that:

1.      Defendant waives its claim that the Hensel Phelps Protest constitutes a Force Majeure event.

2.      Stipulated penalties for Defendant's failure timely to comply with the deadline set forth in Paragraph 3(b) shall accrue at the rates set forth in Paragraph 16 of the Remedy Phase Settlement, calculated beginning on March 2, 2026 (the day after the March 1, 2026 deadline to commence construction of the R-1 Project) and continuing to accrue until the date that Defendant issues a notice to proceed with construction of the R-1 Project.

3.      The stipulated penalties that accrue pursuant to Paragraph 2 of this agreement will become due and payable as set forth in Paragraph 18 of the Remedy Phase Settlement only if Defendant does not complete the R-1 Project by the deadline set forth in Paragraph 3(c) of the Remedy Phase Settlement (which may be extended if justified by a Force Majeure event that is entirely independent of the Hensel Phelps Protest).

4.      This Court retains jurisdiction to enforce the terms of this stipulation. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994).

\\

\\

3

DATED:  Honolulu, Hawai'i, June 9, 2026.

/s/ David L. Henkin
DAVID L. HENKIN
ELENA L. BRYANT
EARTHJUSTICE

Attorneys for Plaintiff Hui Mālama
Honokōhau

/s/ Regan M. Iwao
REGAN M. IWAO
DOUGLAS A. CODIGA
LERISA HEROLDT

Attorneys for Defendant County of Hawai'i

APPROVED AND SO ORDERED.

DATED:  June 9, 2026



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

_Hui Mālama Honokōhau v. County of Hawai'i_, Civil No. 23-00393 JMS-KJM;
JOINT STIPULATION RE: DEFENDANT'S CLAIM OF FORCE MAJEURE;
ORDER

4